WERDEGAR, J., Concurring.
I agree with the majority that the trial court properly continued defendant Smith’s trial to a date within the 10-day grace period afforded by Penal Code section 1382[1] in order to preserve joinder. My reasons differ.
The plain language of the relevant statutes, as I read them, supports the trial court’s ruling. Any continuance granted under section 1382 with the express or implied consent of one jointly charged codefendant necessarily includes a 10-day grace period. (See § 1382, subd. (a)(2)(B).) Furthermore, under section 1050.1, the continuance granted to the consenting codefendant applies to the nonconsenting codefendant. As the statute provides, “[i]n any case in which two or more defendants are jointly charged . . . , and the court . . . , for good cause shown, continues the . . . trial of one or more defendants, the continuance shall . . . constitute good cause to continue the remaining defendants’ cases so as to maintain joinder.” (§ 1050.1, italics added.) In other words, the entire “continuance” to which section 1050.1 refers is defined by section 1382 as including a 10-day grace period. The Court of Appeal, which read the statute differently, asserted that nothing in the legislative history of section 1050.1 “ ‘suggests that the electorate intended the 10-day grace period . . . should . . . automatically apply to the trial of an objecting codefendant.’ ” (As quoted in maj. opn., ante, at p. 601.) But neither does anything in the legislative history suggest the electorate intended the 10-day grace period not to apply. In any event, we have never held that a statute’s plain meaning requires confirmation in extrinsic sources. Indeed, the rule is to the contrary. (E.g., Ste. Marie v. Riverside County Regional Park & Open-Space Dist. (2009) 46 Cal.4th 282, 288 [93 Cal.Rptr.3d 369, 206 P.3d *609 739] [“ ‘If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the [enacting body’s] intent is unnecessary.’ ”].)
Because section 1050.1 did authorize the trial court to continue defendant Smith’s trial to maintain joinder, I would not reach the question whether the court had power to make the same ruling under section 1382, without regard to section 1050.1. I do not read People v. Sutton (2010) 48 Cal.4th 533 [106 Cal.Rptr.3d 883, 227 P.3d 437], which relied both on section 1382 and on section 1050.1 (see Sutton, at pp. 558, 562), as resolving that issue.

 All statutory citations are to the Penal Code.